Henry J. Anderle v. Commissioner.
Anderle v. Commissioner
Docket No. 27579.
United States Tax Court
1951 Tax Ct. Memo LEXIS 88; 10 T.C.M. (CCH) 938; T.C.M. (RIA) 51295; September 28, 1951
*88 Henry J. Anderle, pro se. George C. Lea, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner challenges respondent's determination of deficiencies in income tax of $4,879 and $783.17, together with negligence penalties of $243.95 and $39.16 for the years 1945 and 1946, respectively. The issues are whether respondent's computation of petitioner's income for the taxable years is correct, with the exception of one error by respondent as to 1945 which is conceded; whether respondent's partial disallowance of a deduction for medical expense was proper; and whether any part of any deficiency is due to negligence. Findings of Fact Petitioner, a resident of Apollo, Pennsylvania, filed his returns for the periods involved with the collector of internal revenue for the twenty-third district of Pennsylvania. Petitioner reentered the United States from Austria about 25 years ago at the age of 18. His first job was in a restaurant where he received approximately $30 per week, plus room and board. Later he settled in Pittsburgh and was employed as a member of a pole construction crew by the Bell Telephone Co. He lost that job *89 in 1933. Subsequently he purchased a small truck and began to peddle food products, eventually going into the meat business. From 1933 to 1937 he peddled meat. In 1937 he rented and thereafter he operated a slaughterhouse. He later purchased the slaughterhouse for $3,200, making a down payment of approximately $1,500. In about 1939 he married, and in 1941 he had a daughter. Thereafter petitioner continued to operate the slaughterhouse. In 1942 sales by petitioner above O.P.A. ceiling prices resulted in the suspension for three months of his right to sell meat, with a probationary period of nine months. In 1943 his permit to operate the slaughterhouse was revoked by the local Zoning Board and it was never restored. In 1945 petitioner hauled and sold ice at least one or two days each week, receiving about $20 per day. During the years 1945 and 1946, petitioner was engaged in the slaughtering business which consisted in the purchase of livestock for slaughter and subsequent resale to meat dealers. During the taxable years petitioner purchased livestock from various livestock dealers, including a purchase in 1946 amounting to $11,116.21 from Producers Livestock Cooperative Association. *90 During the taxable years petitioner maintained no records relating to his business. In 1939 petitioner purchased a residence at 915 Madison Avenue, Pittsburgh, Pennsylvania, for $3,800, making a down payment of $500, and assuming a mortgage upon which he made payments in the years 1939 to 1944, inclusive, which varied in approximate amount from $640 to $960 per year. In 1942 petitioner purchased a lot adjoining the above residence. In 1943 he purchased slaughterhouse equipment for $3,135, and he constructed a concrete blockhouse which his 1943 tax return reported for depreciation at a basis of $3,765. In 1945 petitioner purchased a farm at Apollo, Pennsylvania, for $14,000, making a cash down payment and assuming a mortgage of $6,000, upon which he paid $3,000 in the same year. Taxes upon the home in 1945 were in the neighborhood of $300. Petitioner's 1946 return reported, for depreciation, the acquisition of an electric hoist in 1945 for $398, a grinder in 1946 for $365, and a cooler and machine in 1946 for $3,900. In 1946 petitioner paid $1,610 in satisfaction of Federal income tax liability for prior years. Petitioner's tax return for 1942 reported net income of $1,159.63 *91 and claimed depreciation of $573.50. His amended return for 1943 reported net income of $7,251.84 and claimed depreciation of $1,158. His return for 1944 reported adjusted gross income of $2,298.24, net income of $1,976.24, and claimed depreciation of $316. His 1946 return reported adjusted gross income of $1,377.68 and net income of $500.06. Among other items, that return claimed depreciation of $193.05, and showed nonbusiness expenses of $131.50 for interest on a mortgage, $425 for taxes on farm and residence, and $390 dental expenses. All of those returns claimed exemptions and credits for his wife and daughter. Respondent's notice of deficiency determined that "the net profit resulting from the operation of your business in the year 1945 was $16,398.00 in lieu of the amount of $1,661.38 reported by you in your 1945 Federal income tax returns," and that "the net profit resulting from the operation of your business in the year 1946 was $6,071.95 in lieu of the amount of $1,377.68 reported by you in your 1946 Federal income tax return"; determined that "the deduction for medical expenses, taken in your return in the amount of $321.12, is excessive to the extent of $234.72," which *92 was computed by taking the difference between 5 per cent of the adjusted gross income for 1946 of $6,071.95 determined by respondent and 5 per cent of the adjusted gross income of $1,377.68 reported by petitioner; and stated that "A negligence penalty in the amount of 5 per centum has been asserted for the years 1945 and 1946 in accordance with the provisions of Section 293(a) of the Internal Revenue Code." Petitioner's living expenses and other personal expenditures for the years 1945 and 1946 were not less than $2,000 per year. Petitioner's adjusted gross income for the years 1945 and 1946 totaled $13,398 and $6,071.95, respectively. Part of the deficiency for each of the years in controversy was due to negligence. Opinion The issues being purely factual, our findings dispose of the proceeding. With the exception of a concession made by respondent, there is nothing in the record upon which we are willing to rely as sustaining petitioner's burden of proving any error in respondent's determination. Petitioner produced no books or records of any kind. His testimony was evasive, contradictory, and in some respects inherently incredible. There was no corroboration *93 adequate to demonstrate that respondent's determination was in error. In the absence of credible evidence upon which to base any finding in petitioner's favor, we conclude that except in the respect noted, the deficiencies must be sustained. The item involving medical expenses is apparently eliminated automatically by the determination of the correct amount of income. The negligence penalties are sustained on the same grounds as those supporting the deficiency. Decision will be entered under Rule 50.